UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:23-CV-00038-EBA

ROBERT C. WELCH, III,                                                                          PLAINTIFF,

V.                  **MEMORANDUM OPINION & ORDER**

MARTIN O'MALLEY,
*Commissioner of Social Security*,                                       DEFENDANT.

*** *** *** ***

### INTRODUCTION

Plaintiff, Robert C. Welch III, appeals the Social Security Commissioner's denial of his application for disability insurance benefits. [R. 1]. Welch alleges that the Administrative Law Judge (ALJ) incorrectly assessed the severity of his conditions and residual functional capacity[1] when he "disregarded and deminimized" several of Welch's physical and mental impairments. [*Id.*]. Welch and the Commissioner filed briefs in support of their respective positions, [R. 13; R. 15], so this matter is ripe for review. For the reasons below, the Court will deny Welch's motion for summary judgment, [R. 13], and affirm the Commissioner's decision.

### FACTS AND PROCEDURAL HISTORY

Robert C. Welch III has had past work as a clinical coordinator, crisis worker, special education teacher, and psychology associate. [R. 15 at pg. 2]. Welch is also a veteran who served in Iraq between 2006 and 2007. [R. 8 at pg. 491]. Since returning from Iraq, Welch has suffered

---

[1] Residual functional capacity "is the most an adult can do despite his or her limitation(s)." 84 Fed. Reg. 22,924, 22,925 (May 20, 2019).

from various "behavioral issues" and physical impairments. [R. 13-1 at pgs. 4–5]. Unfortunately, Welch suffers from obesity, degenerative disc disease, post-traumatic stress disorder, hearing loss, anxiety, and depression. [R. 8 at pg. 26]. On October 1, 2021, Welch ceased working. [*Id*. at pg. 281]. On October 26, 2021, Welch filed an application for disability insurance benefits. [*Id*. at pg. 24].

Welch's application for disability benefits was denied initially and on reconsideration. [*Id*. at pgs. 109–112; 122–123] (concluding that his condition resulted in "some limitations" but is "not severe enough to keep [him] from working"). Thereafter, he requested a hearing before an Administrative Law Judge. [*Id*. at pg. 132]. After the hearing, the ALJ found that Welch was not disabled between October 1, 2021, and the date of the decision. [*Id*. at pgs. 21–38]. Welch requested review by the Social Security Administration's Appeals Counsel, but to no avail. [R. 8 at pg. 6–8]. Because the Appeals Counsel declined review, the ALJ's decision became the Commissioner's final decision, which is subject to review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. Now, Welch seeks judicial review of the ALJ's decision. [R. 1].

## STANDARD OF REVIEW

A court reviewing the Commissioner's conclusions must affirm unless it determines that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)); *Sias v. Sec'y of Health & Hum. Servs.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988). So, the

Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing U.S.C. § 405(g)). It is important to note that where, as here, the Appeals Council denies review of an Administrative Law Judge's decision, that decision becomes the final decision of the Commissioner. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010).

A reviewing court owes the Commissioner's decision great deference. In conducting its review, a court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Consequently, an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *See Ulman*, 693 F.3d at 714 (quoting *Bass*, 499 F.3d at 509). In other words, even if the Court would have resolved the factual issues differently, the ALJ's decision must stand if supported by substantial evidence. *Id.*; *See also Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). That said, a reviewing court may consider evidence not referenced by the Administrative Law Judge. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

## ANALYSIS

### A.

In his appeal, Welch argues the Administrative Law Judge did not properly consider: (1) several of Welch's mental and physical impairments; (2) the Department of Veterans Affairs' determination of his disability; and (3) the testimony of his treating physicians and medical record. [R. 13-1]. All three requests concern the ALJ's determination of Welch's residual functional capacity and severity of his conditions. The Commissioner contends that the ALJ's decision "was well reasoned, well supported, and should be affirmed" on substantial evidence review. [R.

15 at pg. 12]. Welch argues that the ALJ's findings were not supported by substantial evidence because the ALJ failed to properly consider the above evidence.

Administrative Law Judges are tasked with conducting a five-step analysis to determine whether a person is disabled within the meaning of Title II. 20 C.F.R. § 404.1520(4). The five steps are:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(4).

Generally, the burden of proof rests with the person claiming benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Welch bears the burden of establishing the severity of his impairments and that he had greater limitations than the ALJ imposed. *Her v. Commissioner of Soc. Sec.,* 203 F.3d 388, 391–392 (6th Cir. 1999) (claimant bears the burden of demonstrating her lack of residual functional capacity); *Higgs v. Bowen,* 880 F.2d. 860, 863 (6th Cir. 1988) (the

claimant has the burden to prove the severity of her impairments). However, if the ALJ reaches the fifth step of the analysis, the burden shifts to the Commissioner to demonstrate that jobs exist within the national economy that can align with the claimant's residual functional capacity, age, education, and past work experience. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

Here, the ALJ found that Welch suffers from the following severe impairments: obesity, degenerative disc disease, post-traumatic stress disorder, hearing loss, anxiety, and depression; and one non-severe impairment: substance abuse disorder. [R. 8 at pg. 26–27]. At Step Three, the ALJ determined that Welch's impairments did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. [R. 8 at pg. 25]. At Step Four, the ALJ found that Welch had a residual functional capacity for a range of light work, as defined by 20 C.F.R. § 404.1567(b). [R. 8 at pg. 27]. The ALJ determined that Welch could not perform his past work, however at Step Five, the ALJ determined that Welch could make an adjustment to other work. [R. 8 at pgs. 36–38]. The ALJ, therefore, determined Welch was not disabled. [*Id*.]. The ALJ found Welch could adjust to other work with the following limitations:

> [Welch] can only occasionally climb ramps/stairs. He can occasionally balance, stoop, kneel, and crouch. He is unable to crawl. He is unable to climb ladders, ropes, or scaffolds. He should avoid unprotected heights, and have no more than frequent exposure to vibrations and workplace hazards such as dangerous machinery with moving parts that fail to stop when human contact is lost, and with no more than moderate levels of noise as defined in Appendix of the [Selected Characteristics of Occupations], with occasional push of foot controls with the bilateral lower extremities. He can understand and remember simple and detailed, but not complex, instructions, and requires an occupation with an established and predictable routine and with set procedures in place, and with minimal changes occurring during the workday, and with no manufacturing sector fast-paced production line, hourly quota, or production pace assembly line work.

[R. 8 at pg. 30].

**B.**

Welch first argues that the Administrative Law Judge's findings as to the severity of his impairments and his residual functional capacity at Steps Two, Three, and Four are unsupported by substantial evidence because the Administrative Law Judge disregarded and downplayed several of Welch's mental and physical impairments. [R. 13-1].

**1.**

Regarding his mental impairments, Welch argues that the ALJ did not properly consider Welch's 2021 suicide attempt as a significant factor when determining the severity of his anxiety, PTSD, and depression, and residual functional capacity. [R. 13-1 at pgs. 7–9]. On September 16, 2021, Welch was hospitalized following an overdose of Xanax and Klonopin, which was categorized as a suicide attempt. [R. 8 at pgs. 31, 389]. Welch argues that the ALJ wrongly referred to the suicide attempt as a substance abuse disorder and should have considered the suicide attempt as a "significant factor in regard to his anxiety and depression." [R. 13-1 at pg. 9].

The ALJ found that Welch's anxiety, depression, and PTSD are severe and limit his ability to perform basic work activities, but his mental impairments do not meet the criteria listings at Step 3 to be considered disabled. [R. 8 at pg. 28–30]; 20 C.F.R. § 404.1520(d). To meet the criteria listings, Welch's mental impairments must result in one extreme limitation or two marked limitations in a broad area of functioning. [*Id.*]. The ALJ determined that Welch's mental impairments were either mild or moderate. [R. 8 at pgs. 28–30]. The ALJ found that Welch is mildly limited in understanding, remembering, or applying information because while "[Welch] was able to apply information sufficiently to contribute at a hearing for benefits and capable of completing a cognitive mental exam within normal time limits," his symptoms of "sadness, depressed mood and affect, and anxiety" negatively affect his ability remember and apply

information. [R. 8 at pg. 28–29]. The ALJ found that Welch is also only mildly limited in his ability to interact with others because Welch "can concentrate sufficiently to offer testimony regarding disabilities, shop, drive a car, perform personal care activities, carry on a phone conversation, and follow instructions to some degree." [R. 8 at pg. 29].

The ALJ determined that Welch has moderate limitations when concentrating, persisting, or maintaining pace, and adapting or managing oneself. [*Id.*]. The ALJ stated that Welch could complete a three-step command, read, and understand an intake form during his consultative evaluation, and could manage his emotions sufficiently to participate in a hearing for disability benefits, visit with health professionals, shop in stores, and interact with others. [*Id.*]. Additionally, the ALJ stated that "there is no evidence of psychosis, hallucinations, homicidal ideation, or suicidal plan or intent during the relevant period." [R. 8 at pg. 29].

Welch argues that there *is* evidence of suicidal plan and intent during the relevant period because Welch attempted to commit suicide in September 2021. [R. 13-1 at pg. 8]. However, as the Commissioner points out, the September 2021 hospitalization occurred *before* Welch's alleged onset date of October 1, 2021. [R. 15 at pg. 6]. Despite this, the ALJ did consider Welch's September 2021 suicide attempt in his determination of Welch's residual functional capacity and supported his determination with substantial evidence. [R. 8 at pg. 31]. The ALJ stated, "[t]he medical record shows that in September 2021, slightly prior to his alleged onset date, the claimant had what was classified as a suicide attempt. However, "[Welch] was treated and released," and "appears as though his condition has stabilized." [*Id.*]. The ALJ noted that Welch's mental health improved from October 2021 forward, and while he reported anxiety and depression, Welch's "thought processes were goal directed and logical," and his "insight and judgment were intact." [R. 8 at pgs. 31–32]. The ALJ also noted that Welch reported to his healthcare providers on October

14, 2021, that he was "doing pretty good" and on October 21, 2021, denied suicidal and homicidal ideations. [R. 8 at pg. 31]. Overall, the ALJ used substantial evidence from throughout the record, including Welch's 2021 suicide attempt, to support his determination of the severity of Welch's mental impairments and residual functional capacity, and therefore, did not err when determining the effect of those impairments on his ability to work.

**2.**

Regarding his physical condition, Welch argues that the ALJ downplayed and disregarded his "very serious" lumbar injury by referring to the injury as a "degenerative disc disease," and wrongly concluded that the medical evidence did not corroborate the severity of his spinal impairment. [R. 13-1 at pg. 9]. The ALJ found that Welch's spinal condition was a severe impairment that affected his ability to perform work. [R. 8 at pg. 26]. The ALJ specifically imposed exertional, postural, and environmental limitations to account for his physical impairment and obesity. [R. 8 at pg. 36]. Because Welch "has been able to ambulate without an assistive device, range of motion in the upper extremities were identified as within normal range, and has no evidence of any pathological weakness," the ALJ found Welch did not meet the criteria required to be considered completely disabled on account of his spinal injury. [R. 8 at pg. 27]. Welch argues that the ALJ "deminimized" his 2011 spinal fusion and grade 1 anterolisthesis. [R. 13-1 at pg. 9]. The ALJ specifically discussed the severity of Welch's spinal injury. [R. 8 at pg. 32]. The ALJ stated that radiographs of Welch's lumbar spine from October 12, 2021, revealed stable grade 1 anterolisthesis of L4 and L5 with interval placement of a disc spacer, there was no evidence of hardware complication or stenosis, he was noted to have stable mild form of disc slippage, and x-rays "look[ed] stable" and "do not demonstrate movement." [R. 8 at pg. 32]. Additionally, the ALJ stated that recent records from March 1, 2022, show Welch has "fair to good potential to decrease

pain and improve quality of life." [R.8 at pg. 32]. The ALJ considered Welch's record of spinal injury and supported his determination with substantial evidence, and therefore, did not err when determining the effect of Welch's spinal injury on his ability to work.

### C.

Welch argues that the ALJ failed to consider the Department of Veterans Affairs' determination that Welch is "100% totally occupationally disabled." [R. 13-1 at pg. 9]. However, as the Commissioner points out, decisions from other governmental agencies are "inherently neither valuable nor persuasive" evidence and the ALJ is not required to provide any analysis about how such evidence was considered. 20 C.F.R. § 404.1520b(c); 20 C.F.R. § 404.1504 ("[A] decision by any other governmental agency or a nongovernmental entity about whether you are disabled [] is based on its rules, it is not binding to us and is not our decision about whether you are disabled…"). Because the ALJ was not required to consider any determination by the Department of Veteran's Affairs, it was not an error for the ALJ not consider it.

### D.

Welch argues that the ALJ failed to consider the testimony of Welch's treating physicians and his prior treatment for PTSD, anxiety, and depression. [R. 13-1 at pg. 10]. Welch argues that the ALJ should not have found the conclusions of Dr. Matthew Breeding and Dr. Emily Skaggs unpersuasive. [R. 13-1 at pgs. 10–11]. Welch argues that because the ALJ "summarily dismissed" the opinions of Skaggs and Breeding, the ALJ's findings on Welch's residual functional capacity do not reflect an accurate picture of the medical findings. [R. 13-1 at pg. 11]. Welch argues that the ALJ also failed to properly consider the relationship between Dr. Breeding and Welch. [*Id.*]. The purported medical opinions that Welch opines the ALJ excluded from the analysis include:

- Dr. Breeding's opinion that Welch could "only stand or walk for two hours in an eight-hour day, only occasionally climb and balance, but never stoop, crouch, kneel or crawl." [R. 13-2 at pg. 10]
- Dr. Breeding's opinion that Welch would "have issues doing any type of reaching, handling, feeling, pushing, or pulling." [R. 13-1 at pg. 10].
- Dr. Breeding's opinion that Welch would only have fair abilities to relate to his co-workers, deal with the public, and interact with supervisors. [R. 13-1 at pg. 10].
- Dr. Skaggs' opinion that Welch would have "a moderately to marked ability to tolerate the stressors of day-to-day employment and to sustain concentration and attention to performance of simple repetitive tasks." [R. 13-1 at pg. 10].

The Commissioner argues that Dr. Breeding's opinion was properly evaluated, and the ALJ explained Dr. Breeding's opinion was unpersuasive because, "(1) it overstated the limitations; (2) was inconsistent with overall objective evidence; and (3) was not adequately supported, including that it was overly reliant on Plaintiff's subjective complaints, rather than objective and clinical findings." [R. 15 at pg. 8]. Similarly, the ALJ found that Dr. Skaggs' consultative opinion was unpersuasive because it was not generally consistent with the medical record and Dr. Skaggs relied too heavily on Welch's self-reported symptoms, rather than objective, clinical evaluation. [R. 8 at pg. 35]. The Commissioner asserts that Welch's argument is an invitation for the Court to reweigh the opinions of the medical sources, which is impermissible. *Mullins v. Sec'y of Health & Human Servs.,* 680 F.2d 472, 472 (6th Cir. 1982) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary.").

For claims filed March 27, 2017, or later, the agency does not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s), including those from a claimant's medical sources. 20 C.F.R. § 404.1520c(a). When a medical source provides one or more medical opinions, the medical opinions will be considered based on multiple factors including: supportability, consistency, relationship with claimant, specialization, and other factors including a medical source's familiarity with other evidence in the claim. 20 C.F.R. §

404.1520c(c)(1)–(5). The factors of supportability and consistency are the most important factors that the Agency will use to determine the persuasiveness of a medical source's medical opinions. 20 C.F.R. § 404.1520c(b)(2). The Agency may, but is not required to, explain how it considered the medical source's relationship with the claimant, the medical source's specialized knowledge, or any other factor. *Id*.

The ALJ considered Dr. Breeding's and Dr. Skaggs' opinions as internally inconsistent, as inconsistent with other objective medical evidence in the record, and as a product of overreliance on Welch's subjective account of his symptoms. [R. 8 at pg. 34–35]. Because the ALJ considered the medical sources' opinions based on supportability and consistency, the ALJ did not err when finding their opinions unpersuasive.

## CONCLUSION

Robert Welch appealed the Commissioner's final decision that he is not entitled to disability insurance benefits. The Administrative Law Judge's determination of the severity of Welch's condition and residual functional capacity is supported by substantial evidence. Accordingly,

IT IS ORDERED that Robert Welch III's Motion for Summary Judgment, [R. 13], is DENIED. A separate judgment affirming the Commissioner's final decision will follow.

Signed February 28, 2024.



Signed By:
*Edward B. Atkins* EBA
**United States Magistrate Judge**